FILED
U.S. DISTRICT COURT

2009 APR 14 P 4: 39

BY: _____

Kim R. Wilson (3512)
P. Matthew Cox (9879)
SNOW, CHRISTENSEN & MARTINEAU
10 Exchange Place, Eleventh Floor
Post Office Box 45000
Salt Lake City, Utah 84145
Telephone: (801) 521-9000
Fax No.: (801) 363-0400
Email: intakeclerk@scmlaw.com

*Attorneys for Defendant Portfolio Recovery Associates, LLC.*
*Improperly identified as "Portfolio Recovery Associates, Inc".*

---

## IN THE UNITED STATES DISTRICT COURT FOR THE

## STATE OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DEAN BECKER, <br><br> Plaintiffs, <br><br> vs. <br><br> PORTFOLIO RECOVERY ASSOCIATES, INC. <br><br> Defendants. | **ANSWER** <br><br> Case: 2:09cv00324 <br> Assigned To : Wells, Brooke C. <br> Assign. Date : 4/14/2009 <br> Description: Becker v. Portfolio Recovery Associates |

Defendant Portfolio Recovery Associates, LLC, improperly identified as Portfolio Recovery Associates, Inc. ("Portfolio") responds to plaintiff's Complaint and admits, denies, and responds as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to properly state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### JURISDICTION AND VENUE

1.    Deny.

2.    Deny. Portfolio Recovery Associates, Inc. does not do business in the State of Utah.

3.    Denied.

### GENERAL ALLEGATIONS

4.    Admit.

5.    Denied. Portfolio affirmatively alleges that Portfolio Recovery Associates, Inc. is not a collection agency and does not do business in the State of Utah.

6.    Denied. Portfolio affirmatively alleges that conversations with Plaintiff and Portfolio did occur but not on the dates alleged. Further, the substance of the conversations as alleged by plaintiff is denied.

7.    Denied. Portfolio affirmatively alleges that conversations with Plaintiff and Portfolio did occur but not on the dates alleged. Further, the substance of the conversations as alleged by plaintiff is denied.

8.    Denied.

9.    Denied. Portfolio provided all notices requires under the FDCPA.

10.    Denied.

11.    Denied.

12.    Denied.

13.    Paragraph 13 states a legal conclusion and is therefore denied.

2

14. Denied.

15. Denied.

## FIRST CAUSE OF ACTION

### FAIR DEBT COLLECTION PRACTICES ACT

16. Portfolio by this, referenced, hereby incorporates all of the allegations of this complaint, as if fully set forth herein.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

## SECOND CAUSE OF ACTION

### Utah Consumer Sales Practices Act

22. Portfolio, by this reference hereby incorporates all of the allegations of this complaint, as if fully set forth herein.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

## THIRD CAUSE OF ACTION

### Declaratory Relief

28.   Portfolio, by this reference, hereby incorporates all of the allegations of this complaint, as if fully set forth herein.

29.   Denied.

30.   Portfolio denies each and every allegation of the complaint not specifically admitted herein.

## THIRD AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that the Complaint, and each and every purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action.

## FOURTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that the alleged actions of Defendant were proper and did not violate any provisions of 15 U.S.C. § 1692 *et seq.*

## FIFTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that at all times mentioned in the Complaint, Defendant acted lawfully and within their legal rights, with a good faith belief in the exercise of that right, and in the furtherance of a legitimate business purpose.  Further, Defendant acted in good faith in the honest belief that the acts, conduct and communications, if any, of the Defendant were justified under the circumstances based on information reasonably available to Defendant.

## SIXTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that the alleged actions of the Defendant were not accompanied by actual malice, intent or ill will.

4

### SEVENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that Defendant's' conduct, communications and actions, if any, were privileged.

### EIGHT AFFIRMATIVE DEFENSE

As a separate, affirmative defense, assuming arguendo that Defendant violated a statute alleged in the complaint, which presupposition the Defendant denies, such violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### NINTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that if Plaintiff was damaged in any sum or sums alleged, which Defendants deny, then Plaintiff's damages are limited by 15 U.S.C. § 1692(k)(a)(1), §1692(k)(a)(2)(A), §1692(k)(a)(3) and 15 U.S.C. § 1692(k)(b)(1) and Utah Code Ann. §13-11-19.

### TENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendants allege that they, at all times alleged in the complaint, maintained reasonable procedures created to prevent any type of violations of the Fair Debt Collection Practices Act.

### ELEVENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that Plaintiff is barred from any recovery against Defendant by the equitable doctrines of waiver, laches, and estoppel.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant alleges that any alleged acts of Defendants were not deceptive practices or unconscionable acts under Utah Code Ann. § 13-11-4 and Utah Code Ann. § 13-11-5. Further, Defendant alleges any claim against Defendant is barred by Utah Code Ann. § 13-11-23.

### THIRTEENTH AFFIRMATIVE DEFENSE

At all relevant times, Defendant acted within the absolute and qualified privileges afforded under the FDCPA, the United States Constitution, applicable State Constitutions, and common law.

### FOURTEENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that Defendant's conduct, communications and actions, if any, were privileged pursuant to 15 U.S.C. § 1692(k)(c).

### FIFTEENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that its actions were privileged pursuant to Federal and State Common Law.

### SIXTEENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that if Plaintiff was damaged in any sum or sums alleged, which Defendants deny, Defendants' alleged acts or omissions were not a proximate cause of said damages.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's cause of action may be barred or is limited by the applicable statute of limitations, including but not limited to, 15 U.S.C. § 1692k(d) and Utah Code Ann. § 13-11-19(8).

### EIGHTEENTH AFFIRMATIVE DEFENSE

Any claim for exemplary or punitive damages asserted by Plaintiff violates Defendant's rights under the Due Process and Excessive Fines clauses of the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and the analogous provisions of applicable State Constitutions, and under the First Amendment of the United States Constitution and the analogous provisions of applicable State Constitutions.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to take reasonable steps to mitigate his damages, if any. Plaintiff's damages, if any, are the result of acts or omissions committed by Plaintiff or by others over which Defendant has no control.

### TWENTIETH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert additional affirmative defenses as may become apparent through additional discovery and investigation.

WHEREFORE, the Portfolio prays:

1.      For a judgment in favor of Defendant, and against Plaintiff, and that Plaintiff take nothing by reason of said Complaint;

2.      That Defendant be awarded cost of suit herein and such other further relief as the Court deems just.

DATED this _14_ day of April, 2009.

SNOW, CHRISTENSEN & MARTINEAU

Kim R. Wilson
P. Matthew Cox
*Attorneys for Defendant Portfolio Recovery Associates, LLC.*

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the ⎽⎽⎽⎽ day of April, 2009, I caused a true and correct

copy of the foregoing **ANSWER** with the Clerk of the Court using the CM/ECF system, which

sent notification of such filing to the following:

David W. Scofield
Thomas W. Peters
PETERS, SCOFIELD
Suite 115 Parleys Corporate Center
2455 East Parleys Way
Salt Lake City, Utah 84109

⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽
Legal Assistant

8